UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD ROUSAY,

          Plaintiff,          CIV. S-05-1261 LKK PAN PS

    v.

JEFF MIESELER, et al.,         FINDINGS AND RECOMMENDATIONS

          Defendants.

-o0o-

On August 5, 2005, this court granted plaintiff's application to proceed in forma pauperis but dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The court granted plaintiff leave to file an amended complaint, which he timely filed August 22.

The "Amendment" filed by plaintiff mirrors the original complaint.  As I observed in my prior order:

1     Plaintiff alleges a series of wrongs by twenty-one defendants in several unrelated events.  He asserts, for example, that the Salt Lake City police improperly refused to arrest his ex-wife after she stabbed plaintiff; that plaintiff was ridiculed for seeking the assistance of the F.B.I.; that the U.S. Attorney General facilitated the torture of "one Mahar Arar" by deporting him to Syria in contravention of the Geneva Conventions; and that the mayor of Salt Lake City failed to return tables and chairs to Bennetts Custom Fiberglass.

Plaintiff now adds four more defendants, including the governor of Utah, against whom plaintiff asserts:

    Mike Levitt Governor of Utah Plaintiff Richard Rousay required on several occasions help.  No assistance was rendered by the defendant Mike Levitt.  Because of the defendants actions or lack of action (kings rule) the defendant Mike Levitt has created a deficiency in his oath of office to up hold the US Constitution.

Further, on October 17, plaintiff filed a request for emergency review of this case due to the impending eighteenth birthday of his youngest child.  He claims that after his child's birthday in November, "plaintiff may never visit or see any of his five children and three grandchildren" due to the "unlawful act of the City of Salt Lake City, the County of Salt Lake, the State of Utah and the U.S. Federal Government.

Plaintiff's claims are fanciful, delusional and legally frivolous, and I therefore recommend dismissal of the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989) (a complaint is frivolous under 28 U.S.C. § 1915 if it contains "fanciful factual allegations" and "inarguable legal conclusion[s]").  Dismissal is also warranted to the extent this case involves child custody issues; such matters lie only with the laws of the states as interpreted by the state courts.  In re Burrus, 136 U.S. 586,

2

593-594 (1890); <u>Moore v. Sims</u>, 442 U.S. 415, 435 (1979); <u>Elk Grove Unified School Dist. v. Newdow</u>, 124 S.Ct. 2301, 2309 (2004).

These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2005.

                    /s/ Peter A. Nowinski
                    PETER A. NOWINSKI
                    Magistrate Judge